**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

HWAN CHUN SOK,

*Defendant-Appellant.*

No. 02-4245

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-182)

Submitted: February 28, 2003

Decided: March 13, 2003

Before WILLIAMS, TRAXLER, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David B. Freedman, WHITE & CRUMPLER, Winston-Salem, North
Carolina, for Appellant. Anna Mills Wagoner, United States Attorney,
Michael F. Joseph, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Hwan Chun Sok pled guilty pursuant to a plea agreement to six counts of trafficking in counterfeit trademark goods in violation of 18 U.S.C. § 2320 (2000). On appeal, Sok raises two claims: (1) the district court improperly increased his offense level by five levels for trafficking in counterfeit goods with a value exceeding $40,000, *see U.S. Sentencing Guidelines Manual* § 2F1.1(b)(1)(F) (2000); and (2) he should be permitted to withdraw his guilty plea.* Finding these contentions meritless, we affirm Sok's plea and sentence.

As to his first claim, Sok did not file objections to the Presentence Report and did not object at sentencing. Accordingly, our review is for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993). Sok fails to establish any error at all, much less plain error. Neither the Government nor the district court were obligated to inform Sok of the alleged value of the counterfeit goods because the value of the goods is not an element of the offenses for which Sok was indicted. Rather, value was a factor that enhanced Sok's sentence under the Sentencing Guidelines. The district court explained each element of the offense that the Government was required to prove beyond a reasonable doubt, and Sok acknowledged he understood. The court did not plainly err by not informing Sok of a factor that could enhance his sentence.

Sok also claims he should be allowed to withdraw his plea. Essentially, he claims that certain exchanges with the court at sentencing indicate that he may have been unaware of the criminality of his offense when he entered his guilty plea. This contention is baseless. Sok freely admitted his guilt at both the guilty plea and sentencing hearings and acknowledged that he understood the nature of his offenses and the elements of his crimes.

*The district court appropriately did not take action on the motion because it lacked jurisdiction to entertain the motion after sentencing. *See* Fed. R. Crim. P. 32(e).

Accordingly, we affirm Sok's guilty plea and sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*